IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Johnny Ricardo Thomas, a/k/a Rico, a/k/a Lulu,<br><br>  Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA. | Criminal No: 4:21-cr-554-SAL<br>Civil Action No.: 4:23-cv-2480-SAL<br><br><br><br>**OPINION AND ORDER** |

This matter is before the court on a motion to vacate filed by Johnny Ricardo Thomas ("Defendant") pursuant to 28 U.S.C. § 2255. In his motion, which was filed June 5, 2023, Defendant raises a single ground for relief, alleging ineffective assistance of counsel. [ECF No. 120.] On July 25, 2023, the Government filed a motion to dismiss the § 2255 motion, or in the alternative, for summary judgment, with a memorandum in support. [ECF No. 128.] Defendant was directed by the court to file a response within 31 days, and he was advised of the consequences that may result if he failed to do so. [ECF No. 129.] However, he did not file a reply. In reviewing Defendant's original § 2254, the court saw Defendant requested leave to amend his petition. Thus, on March 21, 2024, the court advised Defendant that his request to amend was granted, and the court directed Defendant to supplement his petition within 30 days. [ECF No. 136.] Defendant did not file a supplement, and the time to do so has passed. For the reasons below, the Court GRANTS the Government's motion, ECF No. 128, and DENIES Defendant's motion to vacate his sentence pursuant to § 2255, ECF No. 120.

1

**BACKGROUND**

On August 24, 2021, a federal grand jury returned a seven-count indictment charging Defendant with one count of conspiracy to sex traffic a minor by force, fraud, and coercion, in violation of 18 U.S.C. §§ 1594(c), 1591(a)(1), (a)(2), (b)(2), and (c) (Count 1); two counts of sex trafficking of a minor by force, fraud, and coercion in violation of 18 U.S.C. § 1591(a)(1), (a)(2), (b)(1), (b)(2), (c), and 2 (Counts 2 and 3); two counts of coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b) and 2 (Counts 4 and 5); and two counts of transporting a minor victim for sex in violation of 18 U.S.C. § 2423(a) and 2 (Counts 6 and 7). [ECF No. 35.] On February 8, 2022, Petitioner pleaded guilty to Count 4 of the indictment pursuant to a plea agreement. [ECF Nos. 72, 75, 76.]

The United States Probation Office prepared a Presentence Investigation Report ("PSR"), which outlined Petitioner's charges, offense conduct, criminal convictions, and Guidelines pursuant to the United States Sentencing Guidelines (U.S.S.G.). [ECF No. 89.] Based on a total offense level of 33 and a criminal history category of V, Defendant's guidelines sentencing range was 210 to 262 months. [ECF No. 89-2 at 1.] Plea counsel filed a motion for a downward variance on Defendant's behalf. [ECF No. 92.] On May 3, 2022, Defendant was sentenced to 262 months' imprisonment with a term of supervised release of life. [ECF Nos. 93, 96, 97.]

Defendant filed a direct appeal, but then voluntarily dismissed it pursuant to Fed. R. App. P. 42(b), without opposition. *See* ECF No. 109.

On June 5, 2023, Defendant filed a motion to vacate under 28 U.S.C. § 2255. [ECF No. 120.] In that motion, he alleged the following ground for relief:

> GROUND ONE:     Counsel Rendered Ineffective Assistance of Counsel By:
>
> Supporting Facts:     (a)     Failing to advise Thomas that under the "relevant conduct" provisions of the Sentencing Guidelines, he

|     |     |
| --- | --- |
| | could be held accountable for co-defendants conduct; |
| (b) | Failing to provide Thomas with adequate legal advice about the case, including his sentencing exposure; |
| (c) | Failing to adequately investigate and prepare Thomas' case and failing to submit "compelling evidence" of his lack of involvement in sex trafficking activity; |
| (d) | Failing to move the court for a suppression hearing to suppress incriminating statements and evidence seized from Thomas; |
| (e) | Committing errors that, considered cumulatively, denied Thomas a fair trial. |

[ECF No. 120 at 4.] Attached to the § 2255 motion was a request for leave to file an amended motion, where Defendant stated he "anticipates that he will have the opportunity to conclude review of the files and records within the next 60 days. Upon completion of the review, Petitioner will promptly prepare and file an amended motion pursuant to 28 U.S.C. § 2255 which will include relevant facts material to the claims for relief." [ECF No. 120-1 at 2.]

On July 25, 2023, the Government responded to Defendant's § 2255 motion. [ECF No. 128.] The Government also filed a motion to dismiss the § 2255 motion or for summary judgment. *Id.* The Government argued Defendant's § 2255 motion was "conclusory and lack[ing] any support for his claims of ineffective assistance of counsel[,]" and, thus, it was not sufficiently specific for the grant of habeas relief under § 2255. *Id.* at 2–4. The court issued a *Roseboro* order explaining the summary judgment procedure and advising Defendant of his deadline to file a response. [ECF No. 129.]

Defendant did not respond to the Government's motion to dismiss or for summary judgment, nor did Defendant ever supplement his § 2255 motion. On March 21, 2024, the court

3

entered an order granting Defendant's request to amend his motion and directing him to file any supplement within 30 days. [ECF No. 136.] Defendant did not file any supplement or other amendment to his motion. This matter is ripe for the court's review.

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment is appropriate where the pleadings, discovery, and disclosure materials show "that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). At the summary judgment stage, the court must view the evidence in a light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where resolution of a material issue of fact depends on a credibility determination, disposition by summary judgment is not appropriate. *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979).

### II. Motions Under 28 U.S.C. § 2255

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States; or that the court was without jurisdiction to impose such sentence; or that the sentence exceeded the maximum authorized by law; or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* at § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. *Id.* (providing that a hearing is

not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief); Rule 4(b), Rules Governing Section 2255 Proceedings.

### III.  Ineffective Assistance of Counsel

Defendant's sole ground for relief is that he received ineffective assistance of counsel at sentencing.  The Sixth Amendment right to counsel includes the right to effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To establish a violation of the Sixth Amendment's guarantees based on the ineffective assistance of counsel, a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different.  *Id.* at 694.  A "strong presumption" exists that counsel's performance fell within a "wide range of reasonable professional assistance."  *Id.* at 689.  In addition, the "reasonable probability" contemplated by the second prong of this analysis is "a probability sufficient to undermine confidence in the outcome" of the trial.  *Id.* at 694.  When a court evaluates an attorney's performance under the *Strickland* standard, it must "eliminate the distorting effects of hindsight, . . . reconstruct the circumstances of counsel's challenged conduct, and . . . evaluate the conduct from counsel's perspective at the time."  *Id.* at 690.

### DISCUSSION

Having reviewed the motions from both parties, the court is compelled to grant the Government's motion to dismiss.  As Defendant's filings admit, his § 2255 motion lacks sufficient evidence to support his various claims of ineffective assistance of counsel.  *See* ECF No. 120-1.  Defendant has had ample time to supplement his motion, and the court expressly granted his request to amend and gave him additional time to do so.  He has not provided any further clarity as to the basis of his claims.  The court does not have enough detail on any of the claims raised

within Ground One to find that Defendant has demonstrated that he is entitled to relief. *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) ("[A] habeas petition 'is expected to state facts that point to a real possibility of constitutional error.' . . . Thus, 'vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.'" (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000))).

## CONCLUSION

For all the reasons discussed above, Petitioner's motion to vacate under 28 U.S.C. § 2255, ECF No. 120, is DENIED. The Government's motion to dismiss, ECF No. 128, is GRANTED. It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

May 6, 2024  
Columbia, South Carolina

Sherri A. Lydon  
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."